The State of Ohio, Appellee, *v.* Vance, Appellant.

(No. 5632—Decided December 10, 1962.)

*Mr. J. Lyndal Hagemeyer,* for appellant.
*Mr. Harry Friberg,* prosecuting attorney, and *Mr. Joseph J. Jan,* for appellee.

Fess, J. This is an appeal on questions of law from a judgment of the Common Pleas Court overruling, without receiving evidence thereon, a motion of defendant to vacate and set aside his sentence and to withdraw his plea of guilty to a lesser offense than that charged in the indictment made upon his alleged reliance on a promise on the part of the prosecuting attorney to recommend leniency on the part of the trial judge incident to the imposition of sentence.

In his motion defendant also seeks, upon vacation of the sentence and withdrawal of his plea, to be furnished with a bill of particulars in accordance with his previous demand therefor. As a further ground upon which he seeks vacation of the sentence, defendant alleges that prior to the pronouncement of sentence he was not furnished with a copy of the probation report as required by the mandatory provisions of Section 2947.06, Revised Code.

Defendant was charged in the indictment with the offense of carnal knowledge of a female under sixteen years of age. (Section 2905.03, Revised Code.) He pled guilty to the lesser included offense of felonious assault upon a minor (Section 2903.01, Revised Code) and was sentenced to confinement in the penitentiary until released according to law.

No question is raised by the state as to the finality of the order overruling defendant's motion to vacate the sentence, and in accordance with the general rule in civil cases that an order overruling a motion to vacate a judgment is a final order from which an appeal can be taken, we hold that the order from which the appeal is taken in the instant case is a final order within the contemplation of Section 2953.04, Revised Code.

Although an order overruling a motion to vacate a judgment is a final order, ordinarily the Court of Appeals will not reverse such an order in the absence of a showing of an abuse of discretion. However, the motion to vacate in a sense searches the record of the proceedings incident to the rendition of the judgment sought to be vacated.

Notwithstanding the sordid and revolting conduct of the defendant as revealed by the statements of the trial court, apparently excerpted from the probation report, the defendant is entitled to due process of law incident to his plea of guilty and the subsequent imposition of sentence. The bill of exceptions reveals that on October 20, 1961, the defendant withdrew his former plea of not guilty and entered his plea of guilty to the lesser offense. The defendant was referred to three physicians for examination, who made a report finding the defendant sane. On March 12, 1962, the defendant, through his counsel, waived hearing of the report and the matter was referred to the probation department for report. On June 19th the cause came on for sentence and the defendant was asked to stand and to say why he should not be sentenced. On behalf of the defendant, his counsel stated:

"Your Honor, of course I don't know what the report says; I have not heard anything from the probation department on this report. I only again refer to the psychiatrists' report, which was a very good report."

Thereafter occurred six pages of colloquy between the court and the defendant concluding with the pronouncement of

sentence. During this colloquy no mention was made about the alleged promise of the prosecuting attorney to recommend leniency. It is obvious from the remarks of the court that he had the probation report. Neither defendant nor his counsel made any demand for a copy thereof but, in our opinion, no request or demand for a copy of the probation report is requisite since the last sentence of Section 2947.06, Revised Code, states that a copy of each such report *shall* be furnished to the defendant, if present, who may examine the persons making the same, etc.

Furthermore, in 1951 the General Assembly enacted a supplemental section, Section 11521-1, to the General Code, carried into the Revised Code as Section 2317.39, reading as follows:

"Whenever an investigation into the facts of any case, civil or criminal, pending at the time of such investigation of any court, is made, conducted, or participated in, directly or indirectly, by any court or any department thereof, through public employees, paid private investigators, social workers, friends of the court, or any other persons, and a report of such investigation is prepared for submission to the court, the contents of such report shall not be considered by any judge of the court wherein such case is pending either before the trial of the case or at any stage of the proceedings prior to final disposition thereof, unless the full contents of such report have been made readily available and accessible to all parties to the case or their counsel. The parties or their counsel shall be notified in writing of the fact that an investigation has been made, that a report has been submitted, and that the contents of the report are available for examination. Such notice shall be given at least five days prior to the time the contents of any report are to be considered by any judge of the court wherein the case is pending. In the event that a report following any investigation is prepared for submission orally, such oral report shall be reduced to writing prior to the issuance of notice of the availability of such report for examination.

"This section does not apply only to the utilization of the contents of such reports as testimony, but shall prevent any judge from familiarizing himself with such contents in any manner unless this section has been fully complied with."

It is observed that the section applies to criminal as well as civil cases and prohibits the court from considering the contents of any such report unless the full contents thereof have been made readily available and accessible to all parties to the case, and to that end specifically provides that the parties or their counsel shall be notified in writing of the fact of such an investigation, and that a report has been submitted, at least five days prior to the time the contents thereof are to be considered by the judge. Failure of the court to comply with the mandatory provisions of this section constitutes error prejudicial to a defendant in a criminal case.

On June 29th the case came on for further hearing on a motion of the defendant, which had been made on June 21st, to stay or suspend execution of sentence and application for bail. In the meantime the defendant had been conveyed to the penitentiary and was not present in person. Defendant's motion to vacate the sentence had been filed on June 26th. Defendant's counsel asked that the sentence be suspended until such time as the defendant be returned from the penitentiary and be heard on his motion to set the sentence aside.

After brief discussion of the motion to suspend sentence the court not only overruled such motion but also summarily overruled the motion to set aside sentence, withdraw plea, answer (*sic*), bill of particulars and for a copy of the probation report. The defendant was, therefore, denied the opportunity to present evidence in support of his contention that his plea of guilty was induced by the alleged promise of the prosecuting attorney to recommend leniency in the imposition of sentence. The judgment must be reversed for error prejudicial to the defendant in refusing to accord him a hearing on his motion, and in failing to furnish him with a copy of the probation report in accordance with the provisions of Sections 2317.39 and 2947.06, Revised Code.

It is, therefore, concluded that the judgment overruling defendant's motion to vacate and set aside the sentence be reversed; and this court, proceeding to enter the judgment which should have been entered, vacates the sentence and remands the cause to the Common Pleas Court for resentence with directions that prior to resentence (1) the defendant be furnished with a copy of the report of the probation department and afforded the

opportunity of examining the persons making such report, (2) the defendant be permitted to present evidence in support of his contention that as an inducement for him to enter a plea of guilty to the lesser included offense the prosecuting attorney agreed to recommend to the court leniency in the imposition of sentence, and (3) make application for leave to withdraw his aforesaid plea of guilty to such lesser offense.

*Judgment accordingly.*

SMITH and DEEDS, JJ., concur.